## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     v.      )     I.D. # 1912024006
     )
LARRY KING,      )
     )
     Defendant.      )

Date Submitted: March 13, 2024
Date Decided: April 10, 2024

## ORDER DENYING SECOND MOTION
## FOR MODIFICATION OF SENTENCE

The Court, having considered Larry King's ("King") Motion for Modification of Sentence (the "Second Motion"), for the following reasons, the motion is **DENIED**.

1. King was sentenced on September 3, 2021, pursuant to a Plea Agreement between the State and King, which King signed. Pursuant to Superior Court Criminal Rule 11(c)(1), the Court addressed King personally in open court and determined that King understood the nature of the charges to which the plea was offered and the maximum possible penalty provided by law. King acknowledged in open court the range of possible penalties, which included the sentence that was imposed here.

2. King was sentenced, effective December 11, 2019, as follows: Unlawful Sexual Contact First Degree: 8 years Level V suspended after 5 years for

12 months Level IV DOC Discretion, suspended after 6 months for 2 years at Level III; Rape Fourth Degree: 15 years Level V suspended after 3 years and 6 months for 2 years at Level III. King was also required to register as a sex offender.[1]

3. On June 12, 2023, King filed a letter requesting a sentence modification (the "First Motion"), seeking to downgrade his sex offender registration from Tier 3 to Tier 2 or 1.[2] He further sought permission to visit with his children. Finally, he sought to remove the Level IV portion of his sentence or to have it specified as home confinement.

4. On September 5, 2023, the Court denied the First Motion, finding that it was time-barred because it was filed more than 90 days after imposition of the sentence.[3] The Court also found that the First Motion did not present any "extraordinary circumstances" which would justify consideration of the First Motion on its merits and further, even if considered in the merits, that no information was provided that would warrant a reduction in King's sentence. The Court noted that registration at Tier 3 was required by statute and therefore, could not be modified. Finally, the Court advised King that upon recommendation by Probation & Parole, he may be considered for supervised visitation with family, other than the victim.

---

[1] D.I. 56.
[2] D.I. 58.
[3] D.I. 59.

5. The Second Motion requests that the Level IV portion of his sentence be removed for an additional six months at Level III (with GPS) or to have the Level IV time specified as home confinement.[4] King states that this relief is justified because he had no prior record and he could lose his employment after his release. In support of the Second Motion, King points to the programming that he has completed and his exemplary behavior while at Level V. He also included a letter of recommendation from a security officer attesting to King's good behavior and commitment to improving himself.

6. Superior Court Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[5] Under Rule 35(b), the Court may consider reducing or modifying the term or conditions of partial confinement or probation at any time. Rule 35(b), however, further provides that the Court "***will not consider repetitive requests*** for reduction of sentence."[6]

7. This is King's second motion under Rule 35(b) for modification of his sentence. For this reason alone, the Second Motion is denied as repetitive.[7] This

---

[4] D.I. 60.

[5] Super. Ct. Crim. R. 35(b).

[6] *Id.* (emphasis added).

[7] *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. June 5, 2020) (the bar to considering repetitive motions has no exceptions). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE)

3

procedural bar applies even when the subsequent motion requests a reduction or modification of a term of partial confinement or probation.[8]

8. Even if the merits of the Second Motion were addressed, it provides no additional information that would warrant a reduction or modification of this sentence. Thus, the sentence is appropriate for all the reasons stated at the time of sentencing.

9. Tier 3 Sex Offender registration is required by statute. The Court cannot modify registration to Tier 1 or 2.

10. Accordingly, King's Second Motion is **DENIED**.

**IT IS SO ORDERED**.


_/s/Kathleen M. Miller_
Judge Kathleen M. Miller



Original to Prothonotary
cc:    Larry King (SBI #00474763)
       Eric H. Zubrow, Esquire, Department of Justice

---

(finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").
[8] _Burton_, 2020 WL 3057888, at *2; _State v. Pryor_, 2023 WL 3496289, *2 (Del. Super. May 17, 2023).